# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 8, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ANTHONY D. MULLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 16-0617** (BOR Appeal No. 2051161)
                (Claim No. 2016014896)

**B.E. AEROSPACE, INC.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Anthony D. Mullins, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. B. E. Aerospace, Inc., by Katherine H. Arritt, its attorney, filed a timely response.

The issue on appeal is the compensability of the claim. On December 9, 2015, the claims administrator denied compensability of the claim. The Office of Judges affirmed the decision in its March 10, 2016, Order. The Order was affirmed by the Board of Review on June 24, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Mullins alleged he injured his left shoulder on July 20, 2015, when he and a co-worker were moving a 100 pound form from a table to a cart. He did not seek medical treatment for the left shoulder and continued to work. In October of 2015, Mr. Mullins scheduled a doctor's appointment after he began to experience more pain in the shoulder. Stephen Shank, M.D., treated Mr. Mullins for complaints of left shoulder pain on November 30, 2015. Mr. Mullins provided a history of experiencing sudden pain from his neck to his elbow at work on July 20, 2015, when he was lifting a 100 pound mold. Dr. Shank diagnosed left shoulder pain, left sprain of the acromioclavicular joint, and acromioclavicular joint injury. He recommended physical therapy.

1

The employee's and physicians first report of injury was completed on December 1, 2015. The claims administrator denied compensability on December 9, 2015, as the injury did not occur in the course of and resulting from Mr. Mullins's employment.

Mr. Mullins testified before the Office of Judges on February 2, 2016, that he and a co-worker were moving a 100 pound form on July 20, 2015, when he felt a pop in his left shoulder. Mr. Mullins stated he completed an accident report they day of the injury. He also stated there were witnesses to the injury.[1] He acknowledged a prior left elbow injury in 2013, but denied a prior left shoulder injury. Mr. Mullins continued to work, performing his regular job duties after July 20, 2015. At the time of the injury, he felt pain in the entirety of his left arm, similar to the symptoms he had with the 2013 elbow injury. Mr. Mullins's ongoing symptoms included a sore spot near his collarbone.

The Office of Judges affirmed the claims administrator's denial of compensability on March 10, 2016. It noted the specific issue to be decided was the rejection of the claim due to the injury not occurring in the course of and resulting from his employment. The Office of Judges found Mr. Mullins said he completed an accident report but this document was not in evidence. The Office of Judges also found that Mr. Mullins was working with a co-worker at the time of the injury but no statement from the co-worker was in evidence. It also found that although Mr. Mullins alleged he was injured on July 20, 2015, no medical treatment was sought until November 30, 2015. The Office of Judges then determined there was insufficient evidence on which to make a finding of compensability.

The Board of Review adopted the findings of fact and conclusions of law and affirmed the Office of Judges' Opinion on June 24, 2016. After review, we agree with the Board of Review. Mr. Mullins alleged he was injured on July 20, 2015. However, he did not submit an accident report, nor did he submit a statement from his co-worker. Additionally, he did not seek medical treatment until November 30, 2015. Mr. Mullins continued to work between July 20, 2015, and November 30, 2015. The preponderance of the evidence does not support the finding of a work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

---

[1] The evidentiary record is void of an accident report or witness statements.

**ISSUED: June 8, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker